UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
WILLIAM and MARGARET CUFF, on
behalf of their minor son, B.C.,

                Plaintiff,                           **COMPLAINT**

-vs-

VALLEY CENTRAL SCHOOL DISTRICT,                   **JURY TRIAL DEMANDED**
and BARBARA KNECHT, sued in her
individual capacity,

                Defendants.
------------------------------------------------------X

'07 CIV 10996
JUDGE CONNER

## INTRODUCTION

1. Plaintiffs bring this First Amendment action in connection with discipline imposed against their minor son because of his innocuous statement in a classroom assignment which resulted in his excessive suspension from school.

## PARTIES

2. Plaintiffs William and Margaret Cuff are the parents of B.C., a student enrolled in the Valley Central School District.

3. Defendant Valley Central School District is an entity organized pursuant to the laws of the State of New York. As the school district's policymaker and the final decisionmaking body on student discipline, the Board of Education may sue and be sued.

4. Defendant Barbara Knecht is principal at Berea Elementary School in the Valley Central School District. She is sued in her individual capacity.

**JURISDICTION AND VENUE**

5. As plaintiffs bring this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) & (4) and 42 U.S.C. §§ 1983 and 1988, this Honorable Court has subject matter jurisdiction over this action.

6. As the events giving rise to this case arose in County of Orange, this case is properly venued in the Southern District of New York.

**FACTUAL AVERMENTS**

7. At all times relevant to this action, plaintiff's ten year-old son, B.C., was a fifth grade student at Berea Elementary School in the Valley Central School District. B.C. has never exhibited any violent tendencies in or out of school.

8. On September 12, 2007, as part of a classroom exercise, B.C.'s science teacher asked her students to fill in a picture of an astronaut by describing their personality and other personal attributes.

9. Using a crayon, B.C. wrote in his birthday, the name of his teacher, his favorite sports and in a statement intended to reflect his wishes, he jokingly wrote: "blow up the school with all the teachers in it."

10. B.C.'s statement was not shared with his classmates. Instead, he turned in the assignment to his teacher.

11. B.C.'s teacher notified the principal, defendant Barbara Knecht, of his statement about blowing up the school. Knecht prepared a statement for B.C. to sign before his parents could speak to him or review the statement.

12. That day, Knecht advised B.C.'s parents in writing that, as a result of his "written

violent threat against Berea Elementary School and its occupants," he was suspended externally for five days and also had to serve one day internal suspension.

13. B.C. served the suspensions from September 14, 2007 through September 21, 2007.

14. On September 25, 2007, through counsel, plaintiffs asked the Board of Education to expunge B.C.'s record of the alleged misconduct. On October 9, 2007, ratifying Knecht's unconstitutional determination to suspend B.C., the Board of Education denied that application.

15. B.C.'s suspension was an excessive response to his classroom statement which school authorities knew or had reason to know posed no threat to anyone in the school district. Defendants knew that B.C. did not have the means or the capacity to "blow up the school," and he did not share his statement with classmates.

16. Moreover, B.C.'s sanction – five days' external suspension and one day internal suspension – ranks among the most severe punishments for aberrant student behavior in the district's 2007-07 Code of Conduct, ahead of such lesser discipline as verbal warning, written notification to parents, reprimand and suspension from extracurricular activities.

17. The punishment further violates school district progressive discipline policy in that B.C.'s written classroom statement was his first "offense" which should have merited a less drastic penalty.

18. As no one associated with the school district could reasonably conclude that this

violent threat against Berea Elementary School and its occupants," he was suspended externally for five days and also had to serve one day internal suspension.

13. B.C. served the suspensions from September 14, 2007 through September 21, 2007.

14. On September 25, 2007, through counsel, plaintiffs asked the Board of Education to expunge B.C.'s record of the alleged misconduct. On October 9, 2007, ratifying Knecht's unconstitutional determination to suspend B.C., the Board of Education denied that application.

15. B.C.'s suspension was an excessive response to his classroom statement which school authorities knew or had reason to know posed no threat to anyone in the school district. Defendants knew that B.C. did not have the means or the capacity to "blow up the school," and he did not share his statement with classmates.

16. Moreover, B.C.'s sanction – five days' external suspension and one day internal suspension – ranks among the most severe punishments for aberrant student behavior in the district's 2007-07 Code of Conduct, ahead of such lesser discipline as verbal warning, written notification to parents, reprimand and suspension from extracurricular activities.

17. The punishment further violates school district progressive discipline policy in that B.C.'s written classroom statement was his first "offense" which should have merited a less drastic penalty.

18. As no one associated with the school district could reasonably conclude that this

statement by a non-violent 10 year old would materially and substantially disrupt the work and discipline of the school, the suspension was excessive and in violation of the First Amendment.

19. Defendants' excessive punishment for B.C.'s protected speech caused him to suffer emotional pain and suffering and humiliation.

20. Defendant's excessive punishment for B.C's protected speech has also resulted in a notation in his student file reflecting his alleged misconduct.

**CAUSE OF ACTION**

21. Plaintiffs incorporate the allegations in ¶¶ 1-20 as if fully re-stated herein.

22. In excessively punishing B.C. for engaging in protected speech which did not materially and substantially disrupt the work and discipline of the school, defendants violated the First Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. expunge from B.C.'s student record any reference to his alleged misconduct for which he was suspended in September 2007;

d. award to plaintiffs compensatory damages for the pain and suffering visited upon B.C. resulting from the excessive punishment for his constitutionally-protected speech;

e. award to plaintiffs punitive damages for defendant Knecht's willful and malicious

    violation of B.C.'s constitutional rights;

    f.    award to plaintiffs the reasonable attorneys fees and costs expended in prosecuting this action; and

    g.    award to plaintiffs such other relief deemed just and proper.

Dated:    November 30, 2007

Respectfully submitted,

S/ _____
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiffs
