UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM and MARGARET CUFF, on behalf of          07 CV 10996 (WCC)
their minor son, B.C.,

**NOTICE OF MOTION**

Plaintiffs,

- against -

VALLEY CENTRAL SCHOOL DISTRICT, and
BARBARA KNECHT, sued in her individual capacity.

------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that, upon the accompanying Declaration of Charles A. Martin and the exhibit annexed thereto; the Memorandum of Law in Support of Defendants' Motion to Dismiss; and upon all pleadings and proceedings heretofore had herein, defendants VALLEY CENTRAL SCHOOL DISTRICT and BARBARA KNECHT, by their attorneys, Miranda Sokoloff Sambursky Slone Verveniotis LLP, will move this Court before the Honorable William C. Conner, United States District Judge, in the United States District Court for the Southern District of New York, located at the U.S. Courthouse, 300 Quarropas Street, White Plains, New York 10601, on a date and time to be determined by the Court, for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing this action in its entirety for failure to state a claim upon which relief may be granted, or, in the alternative, dismissing the claims against defendant BARBARA KNECHT on the grounds of qualified immunity, and for such other and further relief as this Court may deem just, equitable, and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the directives of the Court, opposition papers are to be served by February 20, 2008.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the directives of the Court, reply papers shall be served by March 3, 2008.

DATED:  Mineola, New York
         January 24 2008

                                    MIRANDA SOKOLOFF SAMBURSKY
                                    SLONE VERVENIOTIS LLP
                                    Attorneys for Defendants

                              By:   _____
                                    Adam I. Kleinberg (AIK 0468)
                                    Charles A. Martin (CAM 1881)
                                    240 Mineola Boulevard
                                    Mineola, New York 11501
                                    (516) 741-7676
                                    Our File No.: 07-725

TO:  Stephen Bergstein, Esq.
     BERGSTEIN & ULLRICH, LLP
     Attorneys for Plaintiffs
     15 Railroad Avenue
     Chester, New York 10918
     (845) 469-1277

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM and MARGARET CUFF, on behalf of          07 CV 10996 (WCC)
their minor son, B.C.,

                                                                          **DECLARATION OF**
                              Plaintiffs,         **CHARLES A. MARTIN**

      - against -


VALLEY CENTRAL SCHOOL DISTRICT, and
BARBARA KNECHT, sued in her individual capacity,

                              Defendants.

------------------------------------------------------------------X

       CHARLES A. MARTIN, an attorney duly admitted to practice law in the Southern District Court of New York hereby affirms under the penalties of perjury, the following.

       1.     I am an associate of the law firm of Miranda Sokoloff Sambursky Slone Verveniotis LLP, attorneys for defendants VALLEY CENTRAL SCHOOL DISTRICT and BARBARA KNECHT in the above-referenced case.

       2.     I submit this Declaration in support of defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, dismissing the claims against individual defendant Barbara Knecht on the ground of qualified immunity.

       3.     Attached hereto as Exhibit A is a copy of the Complaint in this action.

       4.     As the Court's file will reflect, in accordance with Your Honor's Individual Practices, defendants submitted a letter requesting permission to file the instant motion. During a subsequent telephone conference with the Court, defendants received permission to file their motion and a briefing schedule was set by the Court.

5.   For the reasons set forth in the accompanying memorandum of law, defendants respectfully request that the Court grant their motion to dismiss and dismiss plaintiffs' complaint in its entirety.

Dated:  Mineola, New York
        January 24, 2008

_____
Charles A. Martin (CAM-1881)

2

# EXHIBIT "A"

12/17/2007 16:51 FAX 516 750 9444    WRIGHT RISK MANAGEMENT    ⌀002/006
Case 7:07-cv-10996-WCC    Document 7-2    Filed 01/31/2008    Page 2 of 6

Case 7:07-cv-10996-WCC    Document 1    Filed 12/04/2007    Page 1 of 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
WILLIAM and MARGARET CUFF, on
behalf of their minor son, B.C.,

        Plaintiff,

-vs-

VALLEY CENTRAL SCHOOL DISTRICT,
and BARBARA KNECHT, sued in her
individual capacity,

        Defendants.
-------------------------------------------------X

COMPLAINT

JURY TRIAL DEMANDED

**07 CIV 10996**
**JUDGE CONNER**

### INTRODUCTION

1. Plaintiffs bring this First Amendment action in connection with discipline imposed against their minor son because of his innocuous statement in a classroom assignment which resulted in his excessive suspension from school.

### PARTIES

2. Plaintiffs William and Margaret Cuff are the parents of B.C., a student enrolled in the Valley Central School District.

3. Defendant Valley Central School District is an entity organized pursuant to the laws of the State of New York. As the school district's policymaker and the final decisionmaking body on student discipline, the Board of Education may sue and be sued.

4. Defendant Barbara Knecht is principal at Berea Elementary School in the Valley Central School District. She is sued in her individual capacity.

**JURISDICTION AND VENUE**

5. As plaintiffs bring this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) & (4) and 42 U.S.C. §§ 1983 and 1988, this Honorable Court has subject matter jurisdiction over this action.

6. As the events giving rise to this case arose in County of Orange, this case is properly venued in the Southern District of New York.

**FACTUAL AVERMENTS**

7. At all times relevant to this action, plaintiff's ten year-old son, B.C., was a fifth grade student at Berea Elementary School in the Valley Central School District. B.C. has never exhibited any violent tendencies in or out of school.

8. On September 12, 2007, as part of a classroom exercise, B.C.'s science teacher asked her students to fill in a picture of an astronaut by describing their personality and other personal attributes.

9. Using a crayon, B.C. wrote in his birthday, the name of his teacher, his favorite sports and in a statement intended to reflect his wishes, he jokingly wrote: "blow up the school with all the teachers in it."

10. B.C.'s statement was not shared with his classmates. Instead, he turned in the assignment to his teacher.

11. B.C.'s teacher notified the principal, defendant Barbara Knecht, of his statement about blowing up the school. Knecht prepared a statement for B.C. to sign before his parents could speak to him or review the statement.

12. That day, Knecht advised B.C.'s parents in writing that, as a result of his "written

2

violent threat against Berea Elementary School and its occupants," he was suspended externally for five days and also had to serve one day internal suspension.

13. B.C. served the suspensions from September 14, 2007 through September 21, 2007.

14. On September 25, 2007, through counsel, plaintiffs asked the Board of Education to expunge B.C.'s record of the alleged misconduct. On October 9, 2007, ratifying Knecht's unconstitutional determination to suspend B.C., the Board of Education denied that application.

15. B.C.'s suspension was an excessive response to his classroom statement which school authorities knew or had reason to know posed no threat to anyone in the school district. Defendants knew that B.C. did not have the means or the capacity to "blow up the school," and he did not share his statement with classmates.

16. Moreover, B.C.'s sanction – five days' external suspension and one day internal suspension – ranks among the most severe punishments for aberrant student behavior in the district's 2007-07 Code of Conduct, ahead of such lesser discipline as verbal warning, written notification to parents, reprimand and suspension from extracurricular activities.

17. The punishment further violates school district progressive discipline policy in that B.C.'s written classroom statement was his first "offense" which should have merited a less drastic penalty.

18. As no one associated with the school district could reasonably conclude that this

3

statement by a non-violent 10 year old would materially and substantially disrupt the work and discipline of the school, the suspension was excessive and in violation of the First Amendment.

19. Defendants' excessive punishment for B.C.'s protected speech caused him to suffer emotional pain and suffering and humiliation.

20. Defendant's excessive punishment for B.C's protected speech has also resulted in a notation in his student file reflecting his alleged misconduct.

**CAUSE OF ACTION**

21. Plaintiffs incorporate the allegations in ¶¶ 1-20 as if fully re-stated herein.

22. In excessively punishing B.C. for engaging in protected speech which did not materially and substantially disrupt the work and discipline of the school, defendants violated the First Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. expunge from B.C.'s student record any reference to his alleged misconduct for which he was suspended in September 2007;

d. award to plaintiffs compensatory damages for the pain and suffering visited upon B.C. resulting from the excessive punishment for his constitutionally-protected speech;

e. award to plaintiffs punitive damages for defendant Knecht's willful and malicious

4

    violation of B.C.'s constitutional rights;

  f. award to plaintiffs the reasonable attorneys fees and costs expended in prosecuting

    this action; and

  g. award to plaintiffs such other relief deemed just and proper.

Dated: November 30, 2007

Respectfully submitted,

S/ *[signature]*
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiffs
