UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM and MARGARET CUFF, on behalf of            07 CV 10996 (WCC)
their minor son, B.C.,

                                      Plaintiffs,

                    - against -

VALLEY CENTRAL SCHOOL DISTRICT, and
BARBARA KNECHT, sued in her individual capacity.

------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


                                              MIRANDA SOKOLOFF SAMBURSKY
                                              SLONE VERVENIOTIS LLP
                                              Attorneys for Defendants
                                              240 Mineola Boulevard
                                              Mineola, New York 11501
                                              (516) 741-7676
                                              Our File No.: 07-725




Of Counsel:
      Adam I. Kleinberg
      Charles A. Martin

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................1

**STATEMENT OF FACTS** .........................................................................................................1

**ARGUMENT** ...............................................................................................................................3

**POINT I**

      **PLAINTIFFS CANNOT DEMONSTRATE
        A FIRST AMENDMENT VIOLATION** ................................................................3

**POINT II**

      **DEFENDANT KNECHT IS ENTITLED
        TO QUALIFIED IMMUNITY** ...............................................................................7

**CONCLUSION** ...........................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Creighton*, 483 U.S. 635, 641 (1987) .................................................................. 6, 7, 8

*Boim v. Fulton County School Dist.*, 494 F.3d 978 (11th Cir. 2007) .................................................. 4

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992) ........................................................................ 7

*Malley v. Briggs*, 475 U.S. 335, 344-45 (1986) ......................................................................... 7

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) .......................................................................... 7

*New Jersey v. T.L.O.*, 469 U.S. 325 (1985) .............................................................................. 5

*Ponce v. Socorro Independent School Dist.*, 508 F.3d 765 (5th Cir., 2007) ................................... 5

*Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001) ................................................................ 7, 8

*Schenck v. United States*, 249 U.S. 47, 52 (1919) ..................................................................... 4

*Soares v. State of Connecticut*, 8 F.3d 917, 922 (2d Cir. 1993) ....................................................... 8

*Tinker v. Des Moines Independent Community School District,* 393 U.S. 503 (1969) .................. 3

*United States v. Rutherford*, 332 F.2d 444, 446 (2d Cir. 1964) ....................................................... 4

*Washington Square Post No. 1212 v. Maduro*, 907 F.2d 1288, 1292 (2d Cir. 1990) ....................... 7

*Wisniewski v. Board of Educ. of Weedsport Cent. School Dist.*, 494 F.3d 34, 39
   (2nd Cir. 2007) ............................................................................................................. 3, 8

*Wood v. Strickland*, 420 U.S. 308 (1975) ............................................................................... 5, 6

**Statutes**

42 U.S.C. § 1983 ....................................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiffs William and Margaret Cuff, on behalf of their minor son B.C., bring the instant lawsuit against the Valley Central School District (the "District") and Barbara Knecht, the Principal of the District's Berea Elementary School, in her individual capacity. B.C. is a fifth grade student in the Berea Elementary School. The Complaint alleges violations of B.C.'s First Amendment rights.

Essentially, the Complaint alleges that the defendants imposed excessive discipline to B.C., a 5th grade student, as a result of an "innocuous" statement contained in a response to a classroom assignment. According to the Complaint, B.C.'s science teacher asked the students to fill in a picture of an astronaut with things describing their personality. B.C. proceeded to write in things such as his birthday, his favorite sports, and the statement "blow up the school with all the teachers in it." B.C. received a five day suspension because of the incident.

As a matter of law, it may be reasonably concluded that B.C.'s statement would "materially and substantially disrupt the work and discipline of the school." Accordingly, the suspension arising out of B.C.'s threat does not violate the First Amendment and dismissal of this action in its entirety is warranted.

Further, Barbara Knecht is entitled to qualified immunity from the claim asserted against her in her individual capacity.

## STATEMENT OF FACTS

B.C. is a fifth grade student at the District's Berea Elementary School. *See* Exh. A at ¶ 7.[1] Even assuming plaintiffs' version of the facts, as this Court must do at this initial phase, plaintiffs admit that B.C. completed an in-class assignment on September 12, 2007 by writing

---

[1] All exhibits refer to the accompanying Declaration of Charles A. Martin submitted in support of the instant motion.

that his wish was to "Blow up the school with all the teachers in it." *See* Exh. A at ¶¶ 8-9. Plaintiffs contend that B.C. turned the assignment in to his teacher without showing it to other children. *See* Exh. A at ¶ 10.

B.C.'s teacher notified District Principal Barbara Knecht of B.C.'s threat. *See* Exh. A at ¶ 11. Principal Knecht suspended B.C. externally for five days and internally for one day. *See* Exh. A at ¶ 12.

On September 25, 2007, plaintiffs requested that the District's Board of Education expunge B.C.'s disciplinary record of this incident. *See* Exh. A at ¶ 14. On October 9, 2007, the Board of Education denied plaintiffs' request. *Id*. Plaintiffs subsequently filed the instant action.

### ARGUMENT

### POINT I

### PLAINTIFFS CANNOT DEMONSTRATE A FIRST AMENDMENT VIOLATION.

The Second Circuit has held that that student expression may only be suppressed where school officials reasonably conclude that the expression would "materially and substantially disrupt the work and discipline of the school." See *Wisniewski v. Board of Educ. of Weedsport Cent. School Dist.,* 494 F.3d 34, 39 (2nd Cir. 2007) *citing Tinker v. Des Moines Independent Community School District,* 393 U.S. 503 (1969). In *Wisniewski*, the Second Circuit found that violent expressions depicting and calling for the killing of teachers cross the boundary of protected speech and constitute student conduct that poses a reasonably foreseeable risk that it would materially and substantially disrupt the work and discipline of the school. See *Wisniewski*, 494 F.3d at 39. The circumstances examined in *Wisniewski* are akin to those at bar.

In *Wisniewski*, a student named Aaron sent instant messages to a number of his classmates, all of which contained a disturbing icon. *Id*. at 35-36. Aaron's America Online profile icon, which was visible with every instant message that he sent, was a cartoon depiction of a pistol firing a bullet at a person's head, above which were dots representing splattered blood. *Id*. Beneath the drawing appeared the words "Kill Mr. VanderMolen," Aaron's English teacher at the time. *Id*. One of Aaron's classmates alerted VanderMolen to the situation and the school district ultimately suspended Aaron for five days. *Id*. The Second Circuit found it to be reasonably foreseeable that the icon would come to the attention of school authorities and the teacher whom the icon depicted being shot. *Id*. at 39. Accordingly, the school's decision to suspend Aaron did not violate Aaron's First Amendment rights. *Id*.

3

In the matter at bar, plaintiffs admit that B.C. brought his written statement directly to his teacher (one of the individuals that plaintiff wished to "blow up"), and that the matter soon ended up in the hands of the building principal, defendant Knecht. *See* Exh. A at ¶ 10. Accordingly, the facts alleged by plaintiffs satisfy the "material and substantial disruption" test applied in *Wisniewski* and the resulting suspension is not in violation of the First Amendment.

Other circuit courts have similarly found there to be no First Amendment right allowing a student to knowingly make comments, whether oral or written, that reasonably could be perceived as a threat of school violence, whether general or specific, while on school property during the school day. In *Boim v. Fulton County School Dist.*, 494 F.3d 978 (11th Cir. 2007), the Eleventh Circuit found it irrelevant whether the student intended the statement to be disseminated to other students or school administrators. *Id*. The Court held that the student's mere bringing of a notebook to school containing her fictional story of taking a gun into the classroom and shooting her math teacher in the head created a risk that other students or school administrators would find the writing, thereby creating a material and substantial disruption to the educational environment. *Id*. at 983. The Court also held in relevant part:

> Just as there is no First Amendment right to falsely yell 'fire' in a crowded theater, *see Schenck v. United States*, 249 U.S. 47, 52 (1919), or to knowingly make false comments regarding the possession of an explosive device while on board an aircraft, *see United States v. Rutherford*, 332 F.2d 444, 446 (2d Cir. 1964), there also is no First Amendment right allowing a student to knowingly make comments, whether oral or written, that reasonably could be perceived as a threat of school violence, whether general or specific, while on school property during the school day.

*Id*. at 984.

The Fifth Circuit has also reached the conclusion that threats of violence in school are not entitled to First Amendment protection. In *Ponce v. Socorro Independent School Dist.*,

4

508 F.3d 765 (5th Cir., 2007), a student kept a diary that included a depiction of a school shooting that resembled the tragedy in Columbine. *See Ponce*, 508 F.3d 767. The student showed the diary to one of his peers, who soon alerted school officials. *Id*. The Fifth Circuit found that the student's expression was not protected by the First Amendment as it posed a "direct threat to the physical safety of the school population." *Id*. at 766. As the Court cautioned, the country's "recent history demonstrates that threats of an attack on a school and its students *must* be taken seriously." *Id*. at 771 (emphasis in original).

While plaintiffs' allege that "no one associated with the school district could reasonably conclude that this statement by a non-violent 10 year old would materially and substantially disrupt the work and discipline of the school," such a claim is inconsistent with the decisions of the aforementioned judicial circuits. *See* Exh. A at ¶ 18.

Moreover, it is well settled that it is not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion. *See Wood v. Strickland*, 420 U.S. 308 (1975). The United States Supreme Court has recognized that "maintaining security and order in the schools requires a certain degree of flexibility in school disciplinary procedures, and has respected the value of preserving the informality of the student-teacher relationship." *See New Jersey v. T.L.O.*, 469 U.S. 325 (1985). 42 U.S.C. § 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings or the proper construction of school regulations. *See Wood v. Strickland*, 420 U.S. 308 (1975). In *Wood v. Strickland*, the United States Supreme Court held:

> The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and Section 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion

5

>which do not rise to the level of violations of specific constitutional guarantees.

See Wood v. Strickland, 420 U.S. at 326.

Finally, where, as here, a plaintiff fails to establish a First Amendment violation, there is no ground to expunge the plaintiff's student's record. See Boim, 494 F.3d at 985.

Based on all of the aforementioned, it is respectfully submitted that this Court should dismiss the complaint in its entirety.

## POINT II

### DEFENDANT KNECHT IS ENTITLED TO QUALIFIED IMMUNITY.

As fully set forth herein, defendant Knecht is entitled to qualified immunity and the dismissal of the individual claims against her.

As a threshold matter, it is axiomatic that qualified immunity is "an immunity from suit rather than the mere defense to liability and is effectively lost if the case is erroneously permitted to go to trial." See *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, this determination should be made at this stage of the proceedings.

The question of qualified immunity is independent from the merits of the underlying action and must be separately examined. See *Saucier v. Katz*, 533 U.S. 194 (2001); *Washington Square Post No. 1212 v. Maduro*, 907 F.2d 1288, 1292 (2d Cir. 1990) citing *Mitchell*, 472 U.S. at 527-28. The application of qualified immunity is important since it is inevitable that "officials will, in some cases, reasonably but mistakenly [take actions that are later found to be illegal]; in such cases those officials . . . who act in ways they reasonably believe to be lawful, should not be held personally liable." See *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) citing *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986).

The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." See *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992). The Supreme Court, in *Saucier*, held that district courts must begin the qualified immunity determination with an analysis of whether, on the facts alleged, the official's conduct violated a constitutional right. See *Saucier*, 533 U.S. at 200-01. Assuming, *arguendo*, that the first prong is satisfied, that is a constitutional violation is established on the facts alleged, "the

7

next, sequential step is to ask whether the right was 'clearly established'" at the time of the alleged incident. *Id*. at 201. The "clearly established" inquiry requires that "if the law did not put the official on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." See *Saucier*, 533 U.S. at 202-03.

While a defendant is not entitled to immunity merely because the "very action in question has not previously been held unlawful," *Anderson v. Creighton*, 483 U.S. at 640, the decisional law of the Supreme Court and the applicable circuit must have already defined the right with "reasonable certainty" in order for a state employee acting in his or her official capacity to be held liable. See *Soares v. State of Connecticut*, 8 F.3d 917, 922 (2d Cir. 1993) (internal quotations omitted).

As fully set forth in Point I, *supra*, plaintiff fails to state a First Amendment violation as a matter of law. Further, the law of this judicial circuit, as evidenced by the decision in *Wisniewski v. Board of Educ. of Weedsport Cent. School Dist.,* 494 F.3d 34, 39 (2nd Cir. 2007), clearly establishes that making threats against a teachers is not a clearly defined right.

Accordingly, because plaintiff fails to state a claim for a constitutional violation, let alone a clearly established constitutional violation of which a reasonable person would have known, the claims against Principal Knecht must be dismissed in their entirety.

## CONCLUSION

For the reasons set forth herein, defendants respectfully request that the Court dismiss this action in its entirety or, in the alternative, dismiss the claims against the individually named defendant on the grounds of qualified immunity, together with such further relief as this Court may deem just, equitable, and proper.

Dated: Mineola, New York
       January 24, 2008

MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP
Attorneys for Defendants
VALLEY CENTRAL SCHOOL DISTRICT, and BARBARA KNECHT

By: _____
Adam I. Kleinberg (AIK-0468)
Charles A. Martin (CAM-1881)
The Esposito Building
240 Mineola Blvd.
Mineola, NY 11501
(516) 741-7676
Our File No.: 07-725

9